UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. CARTER-EL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 10-1778 (RBW) |
| | ) |
| ISAAC FULWOOD, JR. *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

In this action for a writ of habeas corpus, the petitioner, currently a District of Columbia parolee, alleges that the United States Parole Commission ("USPC") failed "to conduct his procedural due process hearings [sic] within 90 days" of the execution of a parole violator warrant. Petition for Writ of Habeas Corpus By a Person in Custody in the District of Columbia ("Pet.") at 8.[1] In addition, the petitioner claims that he "should not have been placed under the Parole Act . . . ." *Id*. The USPC has opposed the petition and the petitioner has replied. Upon consideration of the parties' submissions and the entire record, the Court finds no basis for issuing the writ and, therefore, will deny the petition.

**I. BACKGROUND**

On January 29, 1986, the petitioner pled guilty in the Superior Court of the District of Columbia to one count of armed robbery, and, on March 18, 1986, was sentenced to a prison term

---

[1] The 22-page petition consists of two parts: a seven-page habeas form and an un-paginated handwritten document captioned Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(a). In citing the petition, the Court will refer to the page numbers assigned by the electronic docket system.

of nine to 27 years.  *See* United States Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Resp't's Opp'n") [Dkt. # 10], Exhibit ("Ex.") A (Memorandum Opinion and Judgment); Ex. A-1 (Sentence Monitoring Computation Data as of 1-30-2009).  On December 15, 1987, the petitioner was convicted following a jury trial in Superior Court of two counts of armed robbery and one count of carrying a pistol without a license ("CPWL"); he was sentenced on March 24, 1988, to a prison term of 13 to 40 years.  *See id.*, Exs. A, A-1.  On October 17, 2001, following a remand of the petitioner's criminal case to the Superior Court, the District of Columbia Court of Appeals ultimately affirmed the armed robbery and CPWL convictions.  *See Carter v. United States*, 791 A.2d 23 (D.C. 2001); *Carter v. United States*, 684 A.2d 331 (D.C. 1996).

On several occasions, the petitioner unsuccessfully sought collateral relief from his convictions pursuant to D.C. Code § 23-110.  *See* Resp't's Opp'n, Exs. A, A-2 (Order).  Currently, the petitioner's aggregate sentence of 22 to 67 years' imprisonment based on the foregoing Superior Court sentences imposed in March 1986 and March 1988 is set to expire on April 3, 2053.  *Id.*, Ex. A-1 at 2, 4-6.

On January 30, 2009, the petitioner was released to parole supervision under conditions set by the USPC.  *Id.*, Ex. B (Certificate of Parole).  On December 7, 2009, the USPC issued a parole violator warrant based on the petitioner's alleged illegal use of a controlled substance, his failure to submit to mandatory drug testing, and his arrest for several criminal offenses; the warrant was executed on April 29, 2010.  *See id.*, Exs. C, D.  Following a probable cause hearing on May 4, 2010, at which the petitioner was represented by counsel, the USPC's hearing examiner found probable cause and scheduled a parole revocation hearing on June 7, 2010.  *See id.*, Ex. E.  When

the petitioner, his counsel, and all but one of the requested witnesses failed to appear at the scheduled revocation hearing, the hearing examiner surmised that "there was a mix up in the case," continued the matter, and indicated that the "hearing must be heard sometime before 7/25/10 . . . ." *Id.*, Ex. F.  In November 2010, the USPC realized that the petitioner had not received a revocation hearing and, through a series of e-mails with the petitioner's attorney, rescheduled the hearing for February 10, 2011. *Id.*, Ex. G.  Meanwhile, the petitioner filed the instant habeas petition on October 12, 2010, while detained at the District of Columbia Jail.

Following the petitioner's parole revocation hearing on February 10, 2011, the USPC found no parole violation and ordered the petitioner's release again to parole supervision.  *See* United States Parole Commission's Supplemental Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Resp't's Supp. Opp'n") [Dkt. # 13], Ex. 1 (Hearing Summary); Ex. 2 (Notice of Action).  The petitioner's current address of record is a residence in the District of Columbia.

## II.  DISCUSSION

District of Columbia prisoners and parolees are entitled to habeas corpus relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2008); *see Goodman v. Waldren*, No. 08-2163, 2009 WL 4823986, at *2 (D.D.C. Dec. 10, 2009) ("The concept of legal custody is a category that encompasses various degrees of restraint[,]" from imprisonment to parole).  The petitioner does not refute the USPC's argument that notwithstanding the delay in providing a parole revocation hearing, the resulting claims are moot.  *See* Resp't's Supp. Opp'n at 2-3.  Given that the petitioner received a hearing and was immediately reinstated to parole supervision, the Court agrees that the claims arising from the revocation proceedings are moot.  *See Sutherland v.*

*McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) ("The appropriate remedy for a [delayed revocation hearing] is a writ of mandamus to compel the Commission's compliance with the statute not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence."); *Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 11 (D.D.C. 2008) ("[B]ecause the USPC already has conducted both [probable cause and revocation] hearings, petitioner is not entitled to mandamus relief."); *Fletcher v. United States Parole Comm'n*, 550 F. Supp. 2d 30, 44 (D.D.C. 2008) ("A case is considered moot either when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969))).

The petitioner also challenges the USPC's authority over him. Because the petitioner remains under parole supervision, this claim is not rendered moot by the petitioner's release to parole. *See Spencer v. Kemna*, 523 U.S. 1, 7-9 (1998) ("Subsistence of the [habeas] suit requires . . . that continuing 'collateral consequences' . . . be either proved or presumed."); *Goodman*, 2009 WL 4823986, at *1 n.1 ("Because [the petitioner's] habeas challenge is to the calculation of his full term expiration date, the petition was not rendered moot by his release."). The petitioner argues that the sentencing judge did not impose a term of parole and "[c]onsequently, the Attorney General [in whose custody he was placed] had disregarded the court's judgement [sic] commitment order by modifying it to place petitioner under the Parole Act that was not legislated through Congress." Pet. at 10.

The petitioner's argument lacks a basis in law and reason. Under the law in effect at the time of the petitioner's sentence, the judge was required to impose a "sentence . . . for a maximum period not exceeding the maximum fixed by law, and for a minimum period not exceeding one-

third of the maximum sentence imposed, and any [convicted person] may be released on parole . . . at any time after having served the minimum sentence." D.C. Code § 24-203(a) (1973).  The USPC assumed parole responsibility of District of Columbia prisoners in August 1998.  *See Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).  It therefore had authority in 2009 to release the petitioner – who had yet to serve his maximum sentence – to parole supervision until the expiration of his maximum sentence.

Because parole proceedings are not, as the petitioner suggests, "new criminal prosecutions but, rather, continuations of the original prosecutions which resulted in probation or parole[,]" *Hardy v. United States*, 578 A.2d 178, 181 (D.C. 1990), the petitioner's argument that the USPC, in exercising its statutory authority over his parole matters, has somehow "disregarded" the judicially imposed sentence is wholly without merit, *see Maddox v. Elzie,* 238 F.3d 437, 445 (D.C. Cir. 2001) (observing that "parole revocation is not the continuation of a criminal trial but a separate administrative proceeding . . . .") (citation omitted); *Smallwood v. U.S. Parole Comm'n*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011) ("The USPC . . . exercises no judicial function, and its decisions do not violate the separation of powers doctrine.") (citing cases).

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the petitioner has presented no grounds for issuing the writ of habeas corpus.  Therefore, his application is denied.[2]

```
        _____s/s_____
        REGGIE B. WALTON
        United States District Judge
```

DATE: October 19, 2011

---

[2] A separate Order accompanies this Memorandum Opinion.